UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
**CASE NO. 12-80896-CIV-MARRA/MATTHEWMAN**

CORCEL CORPORATION, INC.

      Plaintiff,

v.

FERGUSON ENTERPRISES, INC., LINE-TEC, INC. and AKA SERVICES, INC.

      Defendants.
_____/

## MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

Defendant AKA Services, Inc. ("AKA") moves for entry of the attached confidentiality order and states:

### INTRODUCTION

AKA requests entry of the attached confidentiality order to allow for the exchange of materials that are protected as trade secrets and/or are otherwise confidential. Ex. 1. AKA, a construction company located in Palm Beach County, has already produced approximately 7,000 documents to plaintiff Corcel Corporation ("Corcel"). AKA objects to certain document requests due to trade secrets and confidentiality but is willing to produce documents pursuant to the attached order. Ex. 10. AKA demonstrates good cause for the issuance of the confidentiality order, as set forth by the attached declaration of Tom Richardson. Ex. 9.

Defendants Ferguson Industries, Inc. ("Ferguson") and Line-Tec, Inc. ("Line-Tec") agree to the entry of the attached order. Corcel however, does not, and instead makes a blanket and incorrect assertion that AKA does not possess trade secret or confidential materials. Ex. 2.

The proposed order is also needed to alleviate confidentiality objections made by related entities Corona Construction Co. and Valve Depot Corp. who have refused to respond to

subpoenas duces tecum. Ex. 3-4. Corcel is a closely-held family corporation whose primary officers are Ray Corona and his father Rafael Corona. Ex. 5. Corona Construction Co. is a construction company and competitor of AKA that is owned by Ray Corona and operated out of the same location as Corcel. Ex. 6. Valve Depot Corp. is owned by Corcel employee Sara Ribero, Ray Corona's sister, and also is operated out of the same location as Corcel. Ex. 7-8. In fact, Corona Construction Co.'s and Valve Depot Corp.'s objections are inconsistent with Corcel's position on the confidentiality order.[1]

## BACKGROUND

Corcel sues AKA for civil RICO and claims that it lost the opportunity to become a subcontractor on a single Palm Beach County public works contract, Project WUD 08-817. The essence of Corcel's claims is that Line-Tec was not a proper Small Business Enterprise (SBE) in 2008 and instead was a conduit or pass-through for Ferguson. [D.E. 1, ¶ 3.8, 3.9, 3.17, 3.22, 3.23, 3.43-3.46]. Palm Beach County ordinances favor local, small businesses when awarding contracts and public works contracts often contain minimum SBE participation levels. Corcel believes AKA became the primary contractor on Project WUD 08-817 after conspiring with Ferguson and Line-Tec to use Line-Tec's supposedly false SBE status. [D.E. 1, ¶ 3.43-3.46]. Suffice it to say that AKA disputes these allegations. AKA's, Ferguson's, and Line-Tec's motions to dismiss remain pending. [D.E. 17, 19, 25, 33, 59, 61].

## MEMORANDUM OF LAW

**I.   CONFIDENTIALITY ORDERS**

Confidentiality orders such as the one proposed by AKA are common to facilitate discovery while also preserving the confidential and/or trade secret status of certain information

---

[1] Corcel has not yet responded to AKA's request for production, having obtained two extensions. [D.E. 85, 87]. It remains to be seen whether Corcel will assert trade secret or confidentiality to any of AKA's requests.

and protecting litigants against competitive harm. *E.g.,* Fed. R. Civ. P. 26(c)(1)(G) (providing for protective orders "requiring that a trade secret or other confidential research, development, or other commercial information not be revealed or be revealed only in a specified way."); *In re Alexander Grant,* 820 F.2d 352, 356-357 (11th Cir. 1987) ( " . . . in complicated cases where document-by-document review of discovery materials would be unfeasible, an "umbrella" protective order, similar to the one issued in this case, should be used to protect documents designated in good faith by the producing party as confidential.  Under the provisions of umbrella orders, the burden of proof justifying the need for the protective order remains on the movant; only the burden of raising the issue of confidentiality with respect to individual documents shifts to the other party."); *Cipollone v. Liggett Group,* 785 F.2d 1108, 1122 (3d Cir. 1986) (approving umbrella confidentiality order and holding "it is equally consistent with the proper allocation of evidentiary burdens for the court to construct a broad "umbrella" protective order upon a threshold showing by one party (the movant) of good cause.").[2]  The proposed order allows for an initial designation by the producing party and allows the other party to challenge any designations. Ex. 1.

## II.    GOOD CAUSE EXISTS FOR ENTRY OF THE CONFIDENTIALITY ORDER

To obtain an umbrella confidentiality order, AKA is only required to make a general showing of good cause, which it has done via the Tom Richardson declaration. Ex. 9; *In re Alexander Grant,* 820 F.2d at 356-357; *Cipollone,* 785 F.2d at 1122.

---

[2] Other examples are *Pinilla v. Northwings Accessories,* 2007 WL 2826096, *1-3 (S.D. Fla. Sept. 25, 2007) (granting similar confidentiality order); *Gibbons v. Food Lion,* 1999 WL 33226474, *2 (M.D. Fla. Feb. 19, 1999); *Howard v. Hartford Life & Acc. Ins. Co.,* 275 F.R.D. 649, 652 (M.D. Fla. 2011) ("Plaintiff has not alleged that her interest in *this* litigation would be harmed by a limited protective order that would allow her to access the information while protecting Defendant so that competitors may not exploit or duplicate Defendant's unique business practices to its detriment."); *Monaco v. City of Jacksonville,* 2010 WL 2900007, *1 (M.D. Fla. July 23, 2010); *Forum Architects v. Candela,* 2008 WL 680970, *1 (N.D. Fla. March 7, 2008); *ABM Financial Services v. Express Consol,* 2007 WL 4218989, *4 (S.D. Fla. Nov. 29, 2007); *In re Agent Orange Product Liability,* 104 F.R.D. 559, 574 (E.D.N.Y. 1985), § 688.006 Fla. Stat.; *Laser Spine Institute v. Makanast,* 69 So. 3d 1045, 1046 (Fla. 2d DCA 2011).

Certain documents requested by Corcel contain business data that is protected as trade secrets and/or is confidential and proprietary to AKA. Ex. 9, ¶ 5; Ex. 10. Generally, such documents include information relating to purchases, materials, other orders, and pricing. Ex. 9, ¶ 5. AKA protects the information because it allows AKA to maintain its ability to submit competitive bids. Ex. 9, ¶ 5.

That is, these documents contain sensitive information, such as prices, which derive independent economic value, whether actual or potential, from not being generally known to, and by not being readily ascertainable by proper means by, other persons who can obtain economic value from the disclosure or use. Ex. 9, ¶ 6. Additionally, the information is subject of efforts that are reasonable under the circumstances to maintain its secrecy. Ex. 9, ¶ 6. As such, these documents are trade secrets under § 688.002(4) Fla. Stat. These documents also contain information that is otherwise confidential and proprietary to AKA, such that disclosure could cause a competitive or business harm to AKA. Ex. 9, ¶ 7. Some of the confidential data, including price information, was provided from third parties, such as other subcontractors on Project WUD 08-817 or Project WUD 04-125.[3] Ex. 9, ¶ 7.

AKA is willing to produce the confidential information provided that a suitable two-tiered confidentiality order is entered, with protection for confidential materials and for attorney's eyes only materials.[4] Ex. 9, ¶ 8. Disclosure without protection to Corcel and/or to

---

[3] Project WUD 04-125 was a prior public works contract in which AKA engaged Corcel as a subcontractor. Corcel did not perform under the subcontract and AKA requested allowance from the Palm Beach County Office of Small Business Administration (OSBA) to replace Corcel, which was granted. AKA believes that Corcel filed this lawsuit in retaliation.

[4] Similar two-tiered confidentiality orders have been entered in other cases. *See, e.g., Campero USA v. ADS Foodservices et al,* case no. 12-cv-20571-JEM (D.E. 57); *Coty, Inc. et al. v. C Lenu, Inc.,* case no. 10-cv-21812-PCH (D.E. 63); *Ameritox Ltd. v. Aegis Sciences Corp. et al.,* case no. 07-cv-80498-KAM (D.E. 19); *Linux Technologies v. Motorola,* case no. 05-cv-80300-KAM (D.E. 73); *Healthcare Appraisers v. Healthcare FMV Advisors,* case no. 10-cv-80293-KAM (D.E. 51); *Reckitt Benckiser, Inc. v. Watson Laboratories-Florida,* case no. 09-cv-60609-WPD (D.E. 127); *Aspex Eyewear, Inc. et al v. Hardy Life*

competitor Corona Construction Co.[5] will cause harm to AKA.  Ex. 9, ¶ 8; *American Standard v. Pfizer,* 828 F.2d 734, 741 (Fed. Cir. 1987) ("Courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor."); *Coca-Cola Bottling Co. v. Coca-Cola Co.,* 107 F.R.D. 288, 293 (D. Del. 1985) ("In this regard, it is presumed that disclosure to a party who is not in competition with the holder of the trade secret will be less harmful than disclosure to a competitor.").  Indeed, as a practical matter, disclosure of information to Ray Corona constitutes disclosure to Corona Construction Co.  Ex. 9, ¶ 8.  As such, there are certain documents that rise to the level of providing Corona Construction Co. a competitive advantage and should be attorney's eyes only.

Without safeguards, the information could be used by Corcel or Corona Construction Co. (or anyone they choose to share the information with) to gain a competitive advantage over AKA by undercutting prices or bids.  Ex. 9, ¶ 8.  Likewise, anything publicly filed on CM/ECF which could cause harm to AKA by allowing all competitors to access confidential business information which otherwise would remain protected.  Ex. 9, ¶ 10.  Without restrictions, the information could be provided without recourse to AKA's competitors or competitors of AKA's vendors, suppliers, and subcontractors, which could result a loss of business and harm to business relationships.  Ex. 9, ¶ 11.  The potential harm is not only to AKA but also to AKA's vendors, suppliers, and subcontractors, who are not parties to this lawsuit.  Ex. 9, ¶ 11.  As a contractor, AKA frequently works with vendors, suppliers, and subcontractors, who would be less likely to conduct business with AKA if their confidential information were leaked.  Ex. 9, ¶ 11.

---

*LLC, et al,* case no. 09-cv-61515-MGC (D.E. 67); *Castell Enterprises v. RB Restaurant Group et al.,* case no. 11-cv-23567-DLG (D.E. 39); *Adams et al v. Rothstein et al.,* case no. 11-cv-61688-JIC (D.E. 79).

[5] Corona Construction Co. was reinstated as a Florida corporation in 2012.  There would be no need to do so if Corona Construction Co. is not conducting business.  Ex. 6.

*Wherefore,* Defendant AKA Services, Inc. respectfully requests this Court to enter the attached confidentiality order

Dated: April 23, 2013

GENOVESE JOBLOVE & BATTISTA
Miami Tower, 44th Floor
100 SE 2nd Street
Miami, Florida 33131
Tel:     305-349-2300
Fax:    305-349-2310

By: /s/ James A. Stepan
John Genovese
Fla. Bar No. 280852
jgenovese@gjb-law.com
James A. Stepan
Fla. Bar No. 0184896
jstepan@gjb-law.com
Omar K. Bradford
Fla. Bar. No. 90444
obradford@gjb-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ James A. Stepan

### CERTIFICATION OF GOOD FAITH CONFERENCE – CONFERRED BUT UNABLE TO RESOLVE THE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3), I certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

## SERVICE LIST
*Corcel Corporation, Inc. v. Ferguson Enterprises, Inc.*
Case No. 12-80896-CIV-MARRA

Ricardo Corona, Esq.
rcorona@coronapa.com
Katya Rehders, Esq.
katya@coronapa.com
Corona Law Firm, P.A.
3899 NW 7th Street
Second Floor
Miami, FL  33126
Telephone: (305) 547-1234
Facsimile: (305) 637-4834
*Attorneys for Plaintiff Corcel Corporation, Inc.*

William N. Shepherd, Esq.
william.shepherd@hklaw.com
Allison Brown, Esq.
alison.brown@hklaw.com
Holland & Knight, LLP
222 Lakeview Avenue
Suite 1000
West Palm Beach, FL  33401-6148
Telephone: (561) 650-8338
Facsimile: (561) 650-8399
*Attorneys for Defendant Ferguson Enterprises*

Leonard Scott Feuer, Esq.
LEONARD FEUER, P.A.
250 South Australian Ave., Suite 1400
West Palm Beach, FL 33401
Tel: (561) 659-1360
Fax: (561) 249-4100
lfeuer@feuerlawfirm.com
*Counsel for Defendant, Line-Tec, Inc.*