UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Civil No. 12-CV-80896-MARRA-MATTHEWMAN

CORCEL CORPORATION, INC.

    Plaintiff,

vs.

FERGUSON ENTERPRISES, INC.,
LINE-TEC, INC. and AKA SERVICES,

    Defendants.
_____/

FILED by _____ D.C.

JUN 2 0 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - W.P.B.

## **CONFIDENTIALITY ORDER**

In the interest of facilitating the just, speedy and inexpensive determination of this litigation and in protecting the legitimate interests of the parties in maintaining the confidentiality of certain confidential information to be disclosed during the discovery process to the approval of the Court, and pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following Protective Order:

    1.    **Designation of Confidential Information.** Any confidential and/or proprietary documents or information of or relating to any Designating Party's confidential trade secrets, business secrets, or commercial or proprietary information which are produced by a Designating Party in pre-trial discovery, are provided to the Receiving Party subject to the Confidentiality Order entered in this action, solely for the purposes of the dispute in the above-captioned action between the Parties and may not be used by any Party for any other purposes. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things, including Electronically Stored Information ("ESI"), that is produced, given or filed in this action that are designated by a Party as

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order Regarding Confidentiality, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information (collectively, "Confidential Information").

 (a) A Party or third party (either, a "Designating Party") may designate Confidential Information, including Confidential Information produced by third-party witnesses, by marking the Confidential Information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

 2. Anyone who is provided with Confidential Information or Documents under this Order shall use such Confidential Information solely in connection with this action, shall keep such information and documents strictly confidential, and shall in no way divulge such information and documents, or any portion, summary, abstract or other derivation thereof, to any firm, person or entity, except as follows:

 (a) Confidential Information designated "CONFIDENTIAL" may only be disclosed to:

  (i) The Parties in this action;

  (ii) The Court, Court clerks, deposition and trial reporters, counsel for the Parties in the Case No. 12-CV-80896-MARRA- MATTHEWMAN, and para-professional and secretarial employees of any of the above in this subsection;

  (iii) Independent consultants or experts retained by any party in this action who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition and who are not directly employed by any Party, do not have any ownership interest in any Party, are not under

contract with any Party for any purpose other than this action, and who are not competitors of any Party or employed by a competitor of any Party;

(iv) Third-party witnesses during the course of their depositions, provided that (1) counsel for the Designating Party shall be informed that the witness will be shown Confidential Information before the designated information is shown to the witness to give counsel for the Designating Party an opportunity to object; and, (2) if an objection to showing the witness is made, the designated information shall not be shown to the witness until the Court rules on the objection.

Copies may be made by or for the foregoing persons, provided that all copies are appropriately marked as "CONFIDENTIAL".

  (b)  Information and materials designated "ATTORNEYS' EYES ONLY" may only be disclosed to:

(i) The Court, Court clerks, deposition and trial reporters, outside counsel for the Parties in Case No. 12-CV-80896-MARRA- MATTHEWMAN, and para-professional and secretarial employees of any of the above in this subsection;

(ii) Independent consultants or experts retained by any party in this action who are expected to testify at trial or are employed by counsel in order to assist in preparation for trial or for deposition and who are not directly employed by any Party, do not have any ownership interest in any Party, are not under contract with any Party for any purpose other than this action, and who are not competitors of any Party or employed by a competitor of any Party;

3

(iii) Third party witnesses during the course of their depositions, provided that (1) counsel for the Designating Party shall be informed that the witness will be shown Attorney Eyes Only Information before the designated information is shown to the witness to give counsel for the Designating Party an opportunity to object; and, (2) if an objection to showing the witness is made, the designated information shall not be shown to the witness until the Court rules on the objection.

Copies may be made by or for the foregoing persons, provided that all copies are appropriately marked as "ATTORNEYS EYES ONLY."

(c) No person or entity to whom information or materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are disclosed shall discuss the information or disclose it to any person or entity other than those listed above, or for any purpose other than prosecution or defense of this action.

3. Counsel for a Party to this litigation may permit expert(s) or consultants retained for this action to review the Confidential Information subject to this Confidentiality Order, but counsel for that Party must first obtain from said expert(s) a written statement confirming each expert's or consultant's agreement to comply with every element of this Confidentiality Order. Said experts shall agree that the contents of the documents shall not be disclosed to any other person, and said Confidential Information shall not be photocopied or reproduced by any other means other than for use in this lawsuit.

4. Should a Party make original documents available for inspection, the information contained in such documents shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall be subject to the provisions of this Order until such time as the reviewing Party designates for copying any of the reviewed documents, and the Designating Party labels those

documents containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the provision of Paragraph 2. The inadvertent production of a privileged document shall not constitute a waiver of the privilege, which may be asserted after the inadvertently produced document is selected for copying.

5. **Objections to Designation.** If a Party contends that any material designated hereunder as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is not entitled to confidential treatment, such Party may, at any time, give written notice to the Designating Party. The Parties must engage in a meaningful meet and confer to try to resolve any dispute over the designation of any contested document. The Party or non-party who designated the materials shall then have thirty (30) days from receipt of such written notice to apply to the Court for an order designating the material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The Party or non-party seeking the order has the burden of establishing that the document is entitled to protection. Until resolution of the dispute is achieved either by consent or Court Order, the Parties shall treat the designated documents or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", according to the Designating Party's original designation.

6. **Permission to Disclose Confidential Information to Additional Persons.** If a Party wishes to disclose Confidential Information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order for any other purpose, unrelated to the present lawsuit, permission to do so must be requested in writing from the Designating Party. Upon receipt of such a written request, if the Designating Party objects to the proposed disclosure, the Designating Party shall then have twenty (20) days to file an appropriate motion with the Court. The Parties shall negotiate in good faith before filing any motion related to this Order. No further disclosure may be made until the Court rules on the Designating Party's motion.

If a person or Party that receives "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information under this Order is served with legal process that demands the production of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information by an individual or entity not a party to this litigation, then that person or Party must (1) provide written notice within ten (10) days to the designating party of the documents demanded and the response deadline; (2) notify the requesting party that the documents sought are subject to this Confidentiality Order; and (3) not respond to the demand until after the designating party has a chance to object to the production, unless otherwise ordered to do so by a court of competent jurisdiction.  Provided that timely notice is provided as required herein, nothing in this paragraph shall be construed as requiring the receiver to challenge or appeal any order requiring the production of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information covered by this Confidentiality Order, to subject himself or herself to any penalties for non-compliance with any legal process, or to seek any relief from this Court.

       7.     **Deposition.** Any deposition which a Party determines will or might reasonably include disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information shall be attended only by those persons entitled to receive such Information pursuant to Paragraph 2 of this Order. Within thirty (30) days after a copy of the transcript taken at the deposition is delivered to the Parties, counsel may designate the entirety or any specified portion or pages of the transcript or exhibits thereto as confidential. "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential - Subject to Protection Pursuant to Court Order" or "Attorney Eyes Only - Subject to Protection Pursuant to Court Order." This designation shall be in writing and served upon all counsel. Where such a timely designation is made, the confidential portions and exhibits shall be filed under seal,

separate from the portions not so marked. Until expiration of the thirty (30) day period, the entire deposition and all exhibits thereto shall be treated as subject to protection against disclosure under this Order. If no Party or deponent timely designates "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in a deposition, then none of the transcript or its exhibits will be treated as confidential. Provided, however, that a document previously labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and made an exhibit to a deposition retains its confidentiality regardless of whether that deposition is subsequently designated "CONFIDENTIAL" or "ATTORNEYS; EYES ONLY."

8. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any Party to challenge the propriety of discovery on any grounds, including, but not limited to, relevance, privilege and materiality.

9. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any Party to offer or use as evidence in this lawsuit any of the Confidential Information subject to this Confidentiality Order, and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility at trial of any evidentiary material.

10. The Confidential Information subject to this Confidentiality Order shall not be filed with the Court unless the materials are filed under seal bearing the legend:

"THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A CONFIDENTIALITY ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT CONFIDENTIALITY ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT."

Said Confidential Information shall be kept under seal until further order of the court; however, said Confidential Information filed under seal shall be available to the Court and counsel of record, and to all other persons entitled to receive the Confidential Information contained therein under the terms of this Order.

11. At the conclusion of this lawsuit by settlement, a jury verdict, nonsuit or by judgment order, all Confidential Information received by the Parties to this suit, including any reproductions of that information, shall be returned to counsel for the Designating Party of that Confidential Information. No Party that received "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information shall maintain any version of that information after the case concludes.

12. Failure to abide by these terms shall result in appropriate sanctions by this Court, including the striking of evidence and/or pleadings, and payment by counsel of the Party responsible for any such breach of this Order of all costs and expenses incurred in the enforcement of same, including attorneys' fees.

13. This Order, and the obligation to keep Confidential Information confidential, shall survive final termination of this action.

14. This Order shall not prevent any Party from applying to the Court for modification of the Order or for further relief. The Court shall retain jurisdiction to enforce any provisions of this Order.

15. Plaintiff, Corcel Corporation, Inc., does not waive its objections to the entry of this Confidentiality Order, which were previously raised in Plaintiff's Memorandum in Opposition to Defendant, AKA Services' Motion for Entry of Confidentiality Order [DE 109].

16. The Parties' determination that any documents are to be sealed is not binding on the Court.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 20th day of June, 2013.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE