UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80896-CIV-MARRA

CORCEL CORPORATION, INC.,

Plaintiff,

vs.

FERGUSON ENTERPRISES, INC.
LINE-TEC, INC. and AKA SERVICES,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant AKA Services, Inc.'s Motion to Dismiss (DE 16 and 19); Defendant Ferguson Enterprises, Inc.'s Motion to Dismiss (DE 17) and Defendant Line-Tec, Inc.'s Motion to Dismiss (DE 25). The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I. Background

On June 24, 2013, the Court entered an Order (DE 156) granting Defendants' motion to dismiss as to all federal claims, finding that amendment of the Complaint was futile and declining to exercise jurisdiction over the state law claims.[1]  In so ruling, the Court held that the alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") were not cognizable because the Complaint did not demonstrate that Plaintiff was directly injured by the acts of Defendants.  The Court declined to address Defendants' other arguments for dismissal. On April 23, 2014, the Eleventh Circuit issued a mandate reversing this Court's decision and

---

[1] On April 29, 2014, Plaintiff voluntarily dismissed the state law claims. (DE 201.)

remanded the case for further proceedings. (DE 194.)  At the Court's April 30, 2014 hearing, Defendants requested that the Court address the remaining arguments for dismissal raised in their prior motions to dismiss. (DE 202.)  The Court will now turn to those arguments.[2]

    II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467

---

[2] The original Complaint is still the operative Complaint.  Therefore, the Court incorporates its prior Order's recitation of the Complaint. (DE 156.)

U.S. 69, 73 (1984).

### III. Discussion

#### A. Defendant Ferguson Enterprises, Inc. ("Ferguson") Arguments

Ferguson argues that Plaintiff knew it was injured in 2006, and the limitations period bars claims arising prior to August 23, 2008. Ferguson also argues that Plaintiff failed to plead the fraud claims with particularity in compliance with Rule 9(b) of the Federal Rules of Civil Procedure.

Ferguson cites to various provision of the Complaint and exhibits attached to the Complaint for support that Plaintiff knew or should have known that it was injured in 2006. (DE 17 citing Compl. ¶¶ 3.13, 3.35; Ex. C to Compl. at 8-9.) Plaintiff disagrees, stating that it is not apparent from the face of the Complaint that the claim is time-barred. In fact, Plaintiff claims that all the predicate acts occurred on or after August 22, 2008. (DE 33 citing Compl. ¶¶ 3.37, 3.48, 3.49.) Plaintiff also relies upon the "separate accrual rule," stating that there was a new and independent injury each time Defendants were awarded new contracts and Plaintiff lost them. Lastly, Plaintiff contends that there were new and independent "violations" each time Defendants submitted new fraudulent documentation in 2008 and 2009. In reply, Ferguson asserts that any act that is a continuation of the initial injury does not toll or refresh the limitations period and a new limitations period starts only if a subsequent predicate act inflicts a new and independent injury. Ferguson also asserts that the single accrual rule only applies to injuries, not violations.

The Court begins by noting that dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate "only if it is 'apparent from the face of the complaint' that the claim is time barred." Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005). Notably,

Plaintiff does not dispute that the statute of limitations for a civil RICO action is four years.  See Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987).  The Eleventh Circuit, in conformity with the United States Supreme Court Rotella case, has held that the date of accrual of the action shall be the date of the discovery by plaintiff of the injury. Pac. Harbor Capital, Inc. v. Barnett Bank, N.A., 252 F.3d 1246, 1251 (11th Cir. 2001); Rotella v. Wood, 528 U.S. 549, 552-53 (2000). Just last year, the Eleventh Circuit explained the "separate accrual rule" in civil RICO actions:

> As the Supreme Court has observed, Congress consciously patterned civil RICO after the Clayton Act.  The rule provides that if a new RICO predicate act gives rise to a new and independent injury, the statute of limitations clock will start over for the damages caused by the new act.  At the same time—in keeping with the Clayton Act accrual rule—the plaintiff cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts that took place outside the limitations period.  By extension, when an injury is a continuation of an initial injury, it is not new and independent.

Lehman v. Lucom, 727 F.3d 1326, 1330 (11th Cir. 2013) (internal citations and quotation marks omitted).

Here, the Court finds that, at this early stage of the proceedings, it cannot determine whether the claim is time-barred.  Specifically, the Court cannot determine whether each subsequent contract awarded was a continuation of the initial injury to Plaintiff.

Next, the Court rejects Ferguson's argument that the Complaint fails to comply with Rule 9(b) of the Federal Rules of Civil Procedure.  The Court has examined paragraphs complained of by Ferguson (Compl. ¶¶ 3.39, 3.37, 3.48, 3.49) and finds they are sufficiently pled.  The Court does agree, however, that the Complaint impermissibly incorporates all the prior paragraphs into counts four and five of the Complaint.  For this reason, these counts should be amended.[3]  See

---

[3] The Court notes that the Complaint does not rise to the level of a shotgun pleading.

4

Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir.2001) (requiring re-pleading of a complaint that incorporated all allegations of preceding counts into each count).

### B.  Line-Tec Arguments

Line-Tec ("LT") contends that the doctrine of collateral estoppel precludes Plaintiff from arguing that LT is ineligible for Small Business Enterprise ("SBE") certification.  According to LT, Plaintiff has already litigated the issue of whether LT was eligible for SBE certification in a prior mandamus action in state court.[4]

Collateral estoppel "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979). The Eleventh Circuit in In re St. Laurent, explained that if the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect. St. Laurent v. Ambrose, (In re St. Laurent), 991 F.2d 672, 676 (11th Cir.1993).  Under Florida law, collateral estoppel applies if "1) the identical issues were presented in a prior proceeding; 2) there was a full and fair opportunity to litigate the issues in the prior proceeding; 3) the issues in the prior litigation were a critical and necessary part of the prior determination; 4) the parties in the two proceedings were identical; and 5) the issues were actually litigated in the prior proceeding." Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1078-79 (11th Cir. 2013).

Collateral estoppel is an affirmative defense and therefore it is "incumbent upon the

---

[4] LT also claims that the Complaint is impermissibly predicated on Plaintiff's own subjective interpretation of a Palm Beach County ordinance. Without a full factual record, the Court cannot interpret this ordinance.

defendant to prove such a defense." Taylor v. Sturgell, 553 U.S. 880, 906 (2008).  Plaintiff is not required to negate an affirmative defense in the complaint and, generally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim. Fortner v. Thomas, 983 F.2d 1024, 1028 (11th Cir. 1993); Ventrassist Pty Ltd. v. Heartware, Inc., 377 F. Supp. 2d 1278, 1286 (S.D. Fla. 2005).  Furthermore, the Court finds that any inquiry into whether LT was eligible for SBE certification cannot be decided as a matter of law at this stage in the proceeding.

### C.  AKA Services, Inc. Arguments

In moving for dismissal, AKA Services, Inc. ("AKA") makes the following arguments: (1) there is no pattern of racketeering activity because LT did not commit any crime: (2) there is no temporal continuity; (3) there is only one transaction and (4) the RICO conspiracy count fails to state a cause of action.

The first argument can be easily dismissed.  The Complaint alleges that Defendants committed mail and wire fraud and these allegations must be taken as true. (Compl. ¶¶ 3.36, 3.37, 3.38, 3.39, 3.47.)   To the extent that AKA relies on exhibits attached to the Complaint that demonstrates that the Palm Beach County State Attorney's Office decided there was insufficient evidence to prosecute, the Court cannot determine, at this stage, that this overcomes the allegations of the Complaint as there may be many reasons why prosecution did not occur. Cf. Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 493 (1985) ("we can find no support in the statute's history, its language, or considerations of policy for a requirement that a private treble-damages action under § 1964(c) can proceed only against a defendant who has already been criminally convicted").  Next, the Court rejects AKA's argument that 14 months of

predicate acts against AKA is too short, as a matter of law, to show temporal continuity. At this stage in the proceedings, the Court cannot make this determination as a matter of law, especially since the Complaint alleges numerous predicate acts occurring throughout a fourteen month period. See, e.g., Wilson v. De Angelis, 156 F. Supp. 2d 1335, 1339 (S.D. Fla. 2001) (10 separate acts over 10 month period is sufficiently continuous). Likewise, the Court cannot determine, at this stage, whether continuity can be established given there has only been one scheme alleged because that fact must be looked at in connection with the nature of the alleged racketeering activity. See Efron v. Embassy Suites (Puerto Rico) Inc., 223 F.3d 12, 18 (1st Cir. 2000) (various factors considered in assessing continuity including the presence of separate schemes); Vicom, Inc. v. Harbridge Merchant Servs., 20 F.3d 771, 780 (7th Cir.1994) (various factors besides temporal span should be considered in assessing continuity, including the number of victims, the presence of separate schemes, and the occurrence of distinct injuries); see also H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 236 (1989) (rejecting position that predicate acts of racketeering only forms pattern when part of separate illegal schemes).

Finally, AKA makes a conclusory claim that because the Complaint does not allege a substantive RICO claim, there can be no claim for conspiracy. However, given that the Court is not dismissing the substantive RICO claim, this argument is unpersuasive.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant AKA Services, Inc.'s Motion to Dismiss (DE 16 and 19) and Defendant Line-Tec, Inc.'s Motion to Dismiss (DE 25) are **DENIED.** Defendant Ferguson Enterprises, Inc.'s Motion to Dismiss (DE 17) is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of June, 2014.

_____
KENNETH A. MARRA
United States District Judge