UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-80896-GAYLES/Turnoff

CORCEL CORPORATION, INC.,

     Plaintiff,

vs.

FERGUSON ENTERPRISES, INC., *et al.*,

     Defendants.

_____/

## **REPORT AND RECOMMENDATION**

**THIS MATTER** is before the Court upon Defendant Ferguson Enterprises Inc.'s Motion

and Bill of Costs. (ECF No. 429). This matter was referred to the undersigned by the Honorable

Darrin P. Gayles, United States District Court Judge for the Southern District of Florida. (ECF No.

436). The Court has reviewed the arguments, the applicable law, the record, and is otherwise duly

advised in the premises.

### **Background**

By way of summary, in 2012, Plaintiff Corcel Corporation, Inc., filed a complaint against

Defendants alleging violations of federal and state RICO statutes and conspiracy for Defendant

Ferguson Enterprises, Inc., to use Defendant Line-Tec, Inc., as a pass-through in order to illegally

obtain bid preference as a small business in Palm Beach County ("PBC"), Florida. On June 24,

2013, the Honorable Kenneth Marra entered an order granting Defendants' motion to dismiss (ECF

No. 156), and entered judgment in favor of Defendants. (ECF No. 157). Plaintiff filed a notice of

appeal. (ECF No. 158). Thereafter, Defendant Ferguson, as the prevailing party, moved for costs in

Page 1 of 5

the amount of $489.93. (ECF No. 189). A judgment was entered in that amount, which Plaintiff paid. (ECF No. 191). On April 23, 2014, the Eleventh Circuit reversed and remanded the case. (ECF No. 194). Despite the reversal, Defendant Ferguson did not return the cost funds to Plaintiff. Litigation continued until October 27, 2015, when Judge Gayles granted summary judgment in favor of Defendants on statute of limitations grounds. (ECF No. 426, 427). On November 24, 2015, Plaintiff filed a notice of appeal. (ECF No. 428). That same day, Defendant Ferguson filed the instant bill of costs in the amount of $17,486.54, as the prevailing party under Fed. R. Civ. P. 54(d), Local Rule 7.3(c), and 28 U.S.C. § 1920. (ECF No. 429). In support, Defendant submitted the Declaration of William N. Shepherd. (ECF No. 429-2). A final judgment in favor of Defendant Ferguson Enterprises, Inc., was entered on March 9, 2016. (ECF No. 437). The appeal is still pending before the Eleventh Circuit.

## Costs

Defendant Ferguson seeks to recover the following costs:

1.  Service and Witness Fees in the amount of $496.74, for subpoenas served either for discovery, deposition or trial on six witnesses, some of whom were paid a witness fee.

2.  Fees for Deposition and Hearing Transcripts in the total amount of $14,410.28, as follows: $13,603.60 for the transcripts of the depositions of Scott Ellsworth and Mark Atkins, Jason Mueller and Derek Andrew Crowe, Pamela Blount and Ana Velasco, Dave Cusa, Flora Butler, Allen Grey, Detective Danielle Hirsch, Mike Davis, Verdenia Baker, Kathy Scarlett, and Tammy Fields, Carlo Aldo Basile and Mario Basile, Rafael Corona and Ray Corona, Hazel Oxendine, and the transcript of the hearing before Special Master Klahr; and $806.68 for transcripts from four hearings.

3.  Fees from Public Records Requests in the amount of $1,642.32. Defendant Ferguson

argued that, to qualify for a municipal preference program, a business had to meet certain program requirements. One of Defendant Ferguson's affirmative defenses was that Corcel did not meet program requirements. According to Ferguson, these public records would have been necessary to show that Corcel did not meet program requirements in PBC and other municipalities.

4. Copying costs in the amount of $672.20. According to Ferguson, extensive copying was necessitated to respond to Corcel's voluminous discovery requests and to prepare for 21 depositions, numerous hearings, and trial. Ferguson argued that it sought to recover only a fraction of the copy charges that were billed and were reflected in the attached invoice, at a rate of .20 cents per page.

5. Interpreter Fees in the amount of $265.00. Defendant Ferguson argued that one of its affirmative defenses was that Corcel never met the requirements to become a PBC Small Business Enterprise ("SBE"), because its PBC office did not meet the domicile requirements under the SBE Ordinance. In its Amended Response to Ferguson's October 10, 2014 Interrogatories, Corcel stated that Ms. Velasco was its PBC office manager from 2005 to 2010 and supervised all PBC employees who were concurrently employed with her. She requested an interpreter.

Plaintiff Corcel filed a response specifically objecting only to those costs listed in entry No.'s 38, 39, 40, 42, and 43 of the graph appearing in Exhibit B to Defendant Ferguson's Motion. (ECF No. 435). These costs were incurred in connection with public records requests. Corcel argued for exclusion of these entries, totaling $271.11, because they pertained to public records requests made to counties outside of PBC, and this case involved misconduct pertaining only to the PBC SBE Program. Corcel argued further that Defendant Ferguson had failed to show how the records from municipalities outside of PBC would have been relevant to the action or any affirmative defense

raised therein. There was no allegation in the motion that each county from which public records were sought had identical SBE programs or program eligibility requirements as PBC, nor did Corcel's SBE status in any county outside of PBC have any bearing on whether they would have been the second lowest bidder in PBC but for the conspiracy alleged in the Complaint. Moreover, Corcel argued that, for the costs set forth in pages 40 through 51 of Exhibit B, Ferguson attached only receipts for the expense of requesting the public records, not the public records requests themselves.

In this connection, Corcel noted that, once again, the matter was on appeal. In order to avoid a similar scenario, Corcel requested that any cost judgment entered by the Court with respect to the instant motion contain a provision requiring Defendant to return to Plaintiff the full amount paid in costs should the case be remanded following successful appeal, within thirty (30) days of filing of the Mandate with the District Court, the full amount paid in costs, including those costs paid prior to ruling on Plaintiff's first appeal in this case. The undersigned declines to grant the relief requested as premature.

## Conclusion

After careful review, the undersigned finds that a reduction in the amount of $271.11, based on lack of need for public records requested outside of PBC, is appropriate. As such, Defendant Ferguson is entitled to recover the total amount of $17,215.43 in costs.

## Recommendation

Based upon the foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Defendant Ferguson Enterprises Inc.'s Motion and Bill of Costs (ECF No. 429) be **GRANTED in part**, with an award in the amount of **$17,215.43** in costs.

Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections to this Recommendation with Judge Gayles within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, this ___ day of September 2016.

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Darrin P. Gayles
   All Counsel of Record